UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| ANTANEAIO SCATES,        )<br>            Plaintiff,       )<br>                          )<br>    v.                    )<br>                          )<br>MARTIN O'MALLEY, Commissioner )<br>of the Social Security Administration, )<br>            Defendant.      ) | CAUSE NO.: 2:23-CV-1-JEM |

**OPINION AND ORDER**

This matter is before the Court on a Complaint [DE 1] filed by Plaintiff Antaneaio Scates on February 3, 2023, and the Social Security Opening Brief of Plaintiff [DE 10], filed April 21, 2023. Plaintiff requests that the decision of the Administrative Law Judge be reversed and remanded for further proceedings. On July 27, 2023, the Commissioner filed a response, and Plaintiff filed a reply on August 10, 2023. For the following reasons, the Court remands the Commissioner's decision.

**I.    Background**

On February 16, 2021, Plaintiff filed an application for benefits alleging that he became disabled on October 1, 2019. Plaintiff's application was denied initially and upon consideration. On April 12, 2022, Administrative Law Judge ("ALJ") Leeanne Foster held a telephonic hearing at which Plaintiff, along with an attorney, and a vocational expert ("VE"), testified. On July 28, 2022, the ALJ issued a decision finding that Plaintiff was not disabled.

The ALJ made the following findings under the required five-step analysis:

1. The claimant met the insured status requirements of the Social Security Act through December 31, 2019.

2. The claimant has not engaged in substantial gainful activity since October

1

      1, 2019, the alleged onset date.

3. The claimant has the following severe impairments: congestive heart failure with ICD implant, obesity, high blood pressure, mood disorder, and paranoia.

4. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1.

5. The claimant has the residual functional capacity ("RFC") to perform light work except that the claimant is unable to climb ladders, ropes, or scaffolds. He can occasionally balance, stoop, kneel, crouch, crawl, and climb ramps and stairs. He can have occasional concentrated exposure to extreme heat, humidity, and pulmonary irritants such as fumes, odors, dusts, and gases. He can have no exposure to hazards such as unprotected heights or dangerous moving machinery. In addition, the claimant is able to understand, remember and carry out simple instructions and make simple work-related decisions. He can tolerate occasional changes in the work setting. He can tolerate brief and superficial interaction with coworkers, supervisors, and the public.

6. The claimant is unable to perform any relevant past work.

7. The claimant was a younger individual age 18-49 on alleged disability onset date.

8. The claimant has a limited education.

9. Transferability of job skills is not an issue in this case because the claimant's past relevant work is unskilled.

10. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform.

11. The claimant has not been under a disability, as defined in the Social Security Act, from October 1, 2019, through the date of the decision.

The Appeals Council denied Plaintiff's request for review, leaving the ALJ's decision the final decision of the Commissioner.

The parties filed forms of consent to have this case assigned to a United States Magistrate

Judge to conduct all further proceedings and to order the entry of a final judgment in this case. [DE 20]. Therefore, this Court has jurisdiction to decide this case pursuant to 28 U.S.C. § 636(c) and 42 U.S.C. § 405(g).

## II.     Standard of Review

The Social Security Act authorizes judicial review of the final decision of the agency and indicates that the Commissioner's factual findings must be accepted as conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). Thus, a court reviewing the findings of an ALJ will reverse only if the findings are not supported by substantial evidence, or if the ALJ has applied an erroneous legal standard. *See Briscoe v. Barnhart*, 425 F.3d 345, 351 (7th Cir. 2005). Substantial evidence consists of "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Schmidt v. Barnhart*, 395 F.3d 737, 744 (7th Cir. 2005) (quoting *Gudgel v. Barnhart*, 345 F.3d 467, 470 (7th Cir. 2003)).

A court reviews the entire administrative record but does not reconsider facts, re-weigh the evidence, resolve conflicts in evidence, decide questions of credibility, or substitute its judgment for that of the ALJ. *See Boiles v. Barnhart*, 395 F.3d 421, 425 (7th Cir. 2005); *Clifford v. Apfel*, 227 F.3d 863, 869 (7th Cir. 2000); *Butera v. Apfel*, 173 F.3d 1049, 1055 (7th Cir. 1999). Thus, the question upon judicial review of an ALJ's finding that a claimant is not disabled within the meaning of the Social Security Act is not whether the claimant is, in fact, disabled, but whether the ALJ "uses the correct legal standards and the decision is supported by substantial evidence." *Roddy v. Astrue,* 705 F.3d 631, 636 (7th Cir. 2013) (citing *O'Connor-Spinner v. Astrue*, 627 F.3d 614, 618 (7th Cir. 2010); *Prochaska v. Barnhart*, 454 F.3d 731, 734-35 (7th Cir. 2006); *Barnett v. Barnhart*, 381 F.3d 664, 668 (7th Cir. 2004)). "[I]f the Commissioner commits an error of law,"

the Court may reverse the decision "without regard to the volume of evidence in support of the factual findings." *White v. Apfel*, 167 F.3d 369, 373 (7th Cir. 1999) (citing *Binion v. Chater*, 108 F.3d 780, 782 (7th Cir. 1997)).

At a minimum, an ALJ must "confront the [plaintiff's] evidence" and "explain why it was rejected." *Thomas v. Colvin*, 826 F.3d 953, 961 (7th Cir. 2014). An ALJ must "'build an accurate and logical bridge from the evidence to [the] conclusion' so that, as a reviewing court, we may assess the validity of the agency's final decision and afford [a claimant] meaningful review." *Giles v. Astrue*, 483 F.3d 483, 487 (7th Cir. 2007) (quoting *Scott*, 297 F.3d at 595); *see also O'Connor-Spinner*, 627 F.3d at 618 ("An ALJ need not specifically address every piece of evidence, but must provide a 'logical bridge' between the evidence and his conclusions."); *Zurawski v. Halter*, 245 F.3d 881, 889 (7th Cir. 2001) ("[T]he ALJ's analysis must provide some glimpse into the reasoning behind [the] decision to deny benefits.").

## III. Analysis

Plaintiff argues that the ALJ's RFC finding fails to account for a number of Plaintiff's physical limitations and fails to incorporate mental limitations found to be persuasive. The Commissioner argues that the opinion is supported by substantial evidence.

In particular, Plaintiff argues that the ALJ failed to incorporate the limitations of an examining physician, despite finding the opinion persuasive. A consulting psychiatric evaluator concluded that Plaintiff had fair ability to learn, remember, and understand simple instructions and to attend, concentrate, and complete simple facts. The ALJ found this conclusion consistent with the record but did not include any limitations in the RFC that account for the limitations of distractibility and impaired short-term memory, without explanation. Instead, the RFC included a

full ability to understand, remember, and carry out simple instructions and make simple work-related decisions. The ALJ also cited to other evidence of consistent difficulties with short term memory and found agency consultants' opinions that Plaintiff could carry out detailed tasks and manage stresses involved with detailed tasks not to be persuasive because other records "indicate that the claimant is more limited" and "notes from mental status examinations indicate that the claimant has displayed signs of distractibility and of limitations in his short-term functioning." AR 27. The limitations in the RFC, however, do not include any short-term memory limitations or time off-task.

The Court also cannot determine how the ALJ incorporated Plaintiff's moderate limitations in concentration, persistence, and pace into the RFC. The ALJ concluded that Plaintiff would be able to perform a number of jobs based in large part on the VE's testimony. "Again and again, [the Seventh Circuit Court of Appeals] ha[s] said that when an ALJ finds there are documented limitations of concentration, persistence, and pace, the hypothetical question presented to the VE must account for these limitations." *Winsted v. Berryhill*, 923 F.3d 472, 476-77 (7th Cir. 2019) (collecting cases). A hypothetical that does not include these terms may still be sufficient if it is "manifest that the ALJ's alternative phrasing specifically excluded those tasks that someone with the claimant's limitations would be unable to perform." *O'Connor-Spinner*, 627 F.3d at 619.

In this case, the ALJ's hypothetical to the VE did not mention any specific difficulty concentrating, persisting in a task, or maintaining pace, but reflected the same limitations as is in the ultimate RFC, describing someone who can "understand, remember, and carry out simple instructions and make simple work-related decisions" and "can tolerate brief and superficial interaction with co-workers, supervisors, and the public." AR 62. Although some of these

5

limitations may be related to difficulties with concentration, persistence, and pace, the ALJ also found that Plaintiff had moderate limitations in interacting with others, AR 18, and mild limitation in managing himself, AR 19, so the Court cannot conclude that the hypothetical adequately took all of his limitations into account. *Winsted*, 923 F.3d at 477 ("The ALJ may have thought, as the agency proposes, he was addressing Winsted's concentration difficulties by including limitations that would minimize social interaction. But that restriction could just have likely been meant to account for Winsted's moderate difficulty with social functioning."); *see also, e.g., Crump v. Saul*, 932 F.3d 567, 570 (7th Cir. 2019) ("[W]e have likewise underscored that the ALJ generally may not rely merely on catch-all terms like 'simple, repetitive tasks' because there is no basis to conclude that they account for problems of concentration, persistence or pace. More to it, observing that a person can perform simple and repetitive tasks says nothing about whether the individual can do so on a sustained basis, including, for example, over the course of a standard eight-hour work shift.") (quoting *Winsted v. Berryhill*, 923 F.3d 472, 477 (7th Cir. 2019)); *Yurt v. Colvin*, 758 F.3d 850, 858-59 (7th Cir. 2014) ("[W]e have repeatedly rejected the notion that . . . confining the claimant to simple, routine tasks and limited interactions with others adequately captures temperamental deficiencies and limitations in concentration, persistence, and pace."); *Stewart v. Astrue*, 561 F.3d 679, 684-85 (7th Cir. 2009) (rejecting the contention "that the ALJ accounted for [the plaintiff]'s limitations of concentration, persistence, and pace by restricting the inquiry to simple, routine tasks that do not require constant interactions with coworkers or the general public").

When asked about time off task, the VE testified that any more than two fifteen-minute breaks and a half an hour for lunch, plus about 10% of the workday off task would be work

preclusive. AR 64-65. Likewise, the VE testified that someone who had even one absence per month on an ongoing basis would likely be terminated. AR 65. However, the ALJ did not include any time off task in the RFC. *See Winsted*, 923 F.3d at 77 ("Notably, it appears the ALJ disregarded testimony from the VE about a person with limitations in concentration, persistence, and pace. The ALJ asked two additional hypothetical questions to the VE about an individual who would either be off task 20% of the workday or would have two unscheduled absences per month—seemingly having in mind someone with 'moderate difficulties with concentration, persistence, and pace.' The VE responded that neither individual could sustain employment. But these responses are not reflected in the ALJ's decision. Because the ALJ did not include Winsted's difficulties with concentration, persistence, and pace in the hypothetical he did consider, the decision cannot stand.").

In short, by omitting limitations of short-term memory difficulties and distractibility, the ALJ failed to build an accurate logical bridge between the cited evidence of the treating psychiatric consultant and her conclusion not to incorporate those limitations in the RFC, and the Court cannot conclude that the Commissioner has met his burden of demonstrating that Plaintiff is capable of performing a significant number of jobs. This case is being remanded for a new determination of Plaintiff's RFC, with adequate explanation of how the RFC incorporates all of his mental limitations in combination, including his short-term memory deficits, irritability and limitations in interactions with others, and difficulties with concentration, persistence, and pace. On remand, the ALJ is directed to consider all the medical evidence and opinions in the record. The ALJ should also fully consider each of Plaintiff's alleged physical impairments, alone and in combination with each other and with his mental impairments, and provide a logical bridge from the evidence to the

conclusion.

## IV. Conclusion

For the foregoing reasons, the Court hereby **GRANTS** the relief requested in the Social Security Opening Brief of Plaintiff [DE 10] and **REMANDS** this matter for further proceedings consistent with this opinion.

SO ORDERED this 8th day of March, 2024.

s/ John E. Martin<br>
MAGISTRATE JUDGE JOHN E. MARTIN<br>
UNITED STATES DISTRICT COURT

cc: All counsel of record